USCA1 Opinion

 

 February 13, 1992 ___________________ No. 91-2284 BENJAMIN J. GUILIANI, Plaintiff, Appellant, v. STATE OF MAINE, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ___________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ___________________ Benjamin J. Guilliani on brief pro se. _____________________ __________________ __________________ Per Curiam. Plaintiff's complaint alleged that he had ___________ been injured while working, had had to undergo surgery as a result, and had lost at least 34% of his back capacity. He complained that the Maine worker's compensation law was unconstitutional because it prevented him from suing his employer, the person he felt was responsible for his injuries. See 39 Maine Rev. Stat. Ann. 4 (employer exempt from civil ___ action by an employee for personal injuries arising out of and in the course of employment). The district court dismissed plaintiff's action after it had denied plaintiff leave to proceed in forma pauperis and plaintiff had failed to pay the $120 filing fee. On appeal, plaintiff contends he has improperly been denied access to the courts because of indigency. We need not determine whether plaintiff is unable to afford the $120 filing fee because we conclude that even if plaintiff had been granted in forma pauperis status, the action should have been dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. See In re Parque Forestal, Inc., ___ ___________________________ No. 90-2174, slip op. at 16 (1st Cir. Nov. 19, 1991) (reviewing court may affirm judgment of lower court on grounds different from those relied on by lower court). When an injured employee is covered by a worker's compensation system, the statutory remedy is typically the employee's exclusive remedy against his employer for injuries arising out of employment. A. Larson, The Law of Workmen's Compensation 65.11 (1990). Indeed, exclusivity is central to the worker's compensation system: [Exclusivity] is part of the quid pro quo in ____________ which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts. Id. 65.11 at pp. 12-1 to 12-9. And, exclusivity provisions __ "have consistently been held to be constitutional." Id., at __ 65.20. Consequently, plaintiff's constitutional challenge was without merit, and the action was properly dismissed. Affirmed. ________ 3